IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLIY POPOV and NATALYA POPOV,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION; RECONTRUST COMPANY; LANDSAFE TITLE OF CALIFORNIA, INC.; and DOES 1-50,<br><br>    Defendants.<br>_____/ | No. CIV 09-2780 GEB EFB PS<br><br><br><br><br><br><u>ORDER AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    This action arises out of a dispute over a mortgage foreclosure. Plaintiffs filed this action in Sacramento County Superior Court, attempting to prevent a foreclosure on their real property. On October 6, 2009, defendants filed a notice of removal of this action from the state court, and on October 14, 2009, filed a motion to dismiss plaintiffs' first amended complaint, which was filed in state court on October 1, 2009.[1] Dckt. Nos. 1, 4. The motion is noticed for hearing before the undersigned on December 23, 2009. Dckt. No. 6.

////

---

[1] This action is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

On November 17, 2009, plaintiffs, who are proceeding in this action *pro se*, filed an opposition to defendants' motion to dismiss and a purported amended complaint. Dckt. Nos. 7, 8. In their opposition, plaintiffs state that they "voluntarily will remove any and all Federal Causes of Action from the Complaint" and that other than a few limited references to federal law, "the court lacks jurisdiction to hear the matter." Dckt. No. 7 at 4. The opposition further states that an amended complaint "without any federal issues" is attached. *Id.* Plaintiffs' purported amended complaint ("Second Amended Complaint"), Dckt. No. 8, deletes all federal claims.

On December 8, 2009, defendants filed a reply in support of their motion to dismiss. Dckt. No. 9. Defendants argue that plaintiffs' Second Amended Complaint is not effective because plaintiffs already amended their complaint once in state court and have not obtained a stipulation or a court order authorizing this further amendment. Dckt. No. 9 at 4. They also construe plaintiffs' opposition as a request to remand the action to state court. *Id.* at 3. Defendants contend that leave to amend should be denied, plaintiffs' request to remand should be denied, and defendants' motion to dismiss should be granted because plaintiffs have already had the opportunity to amend and chose to add federal claims, and plaintiffs' current attempt to amend is really just a delay tactic. Dckt. No. 9 at 3.

<u>Plaintiffs' Proposed Second Amended Complaint</u>

Defendants are correct that because they have not stipulated to plaintiffs' proposed amendment, plaintiffs need leave to amend their complaint. At the time plaintiffs filed their opposition and proposed Second Amended Complaint, Federal Rule of Civil Procedure ("Rule") 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a

////
////
////

responsive pleading is not allowed and the action is not yet on the trial calendar."[2] Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although defendants have not yet filed a responsive pleading, plaintiffs already amended their complaint in state court.[3] Therefore, plaintiffs may not amend their complaint without "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Leave to amend is normally sought via a noticed motion. Rule 7(b)(1) provides that "[a] request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). Here, although plaintiffs did not file a formal noticed motion, they clearly seek leave to amend to remove any federal claims. It is apparent from plaintiffs' proposed Second Amended Complaint and opposition to defendants' motion to dismiss that they seek to amend their complaint to dismiss all of their federal claims. Indeed, defendants' reply addresses plaintiffs' purported amendment. *See* Dckt. No. 9 at 2-4. Additionally, Local Rule 230(e) provides that "[a]ny counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition."

---

[2] Effective December 1, 2009, Federal Rule of Civil Procedure 15(a)(1) now provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because plaintiffs already amended their complaint in state court, the differences between the former and current versions of Rule 15(a)(1) do not impact the analysis herein.

[3] Although the earlier amendment occurred in state court, "[a] district court 'takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.' *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Thus, plaintiffs have already utilized their 'free amendment' and as a result, must seek leave of court to amend their complaint." *Moyles v. Johnson Controls, Inc.*, 2005 WL 1561519, at *2, n.3 (E.D. Cal. June 29, 2005).

1 Therefore, the court construes plaintiffs' opposition, together with their proposed amended 2 complaint, as a request for leave to amend their complaint. *See Scott v. Eversole Mortuary*, 522 3 F.2d 1110, 1116, n.8 (9th Cir. 1975) (granting leave to amend where plaintiff "expressly 4 requested" to amend even though the request "was not contained in a properly captioned motion 5 paper"); *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445-46, n.2 (9th Cir. 1990) 6 (finding that leave to amend should have been granted even though no formal request to amend 7 was made).

8 The policy of freely granting leave to amend should be applied with "extreme liberality." 9 *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether 10 to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) 11 undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. 12 *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has instructed that "the crucial 13 factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice 14 is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 15 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD* 16 *Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of 17 the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 18 87 F.3d 339, 343 (9th Cir. 1996).

19 Although plaintiffs did not file a formal motion to amend, defendants have had the 20 opportunity to address the issue, and did so in their reply in support of the motion to dismiss. 21 Defendants contend that plaintiffs filed this action as "an attempt to escape making payments on 22 their loans and forestall potential foreclosure" and that plaintiffs' requests to amend and remand 23 are simply "delay tactic[s]." Dckt. No. 9 at 3. Defendants contend that plaintiffs had the 24 opportunity to amend their complaint in state court and chose to allege federal claims; therefore, 25 it is appropriate for this court to rule on all of plaintiffs' claims. *Id.* Defendants argue that 26 permitting amendment and then remanding the state law claims to state court "would be

particularly and unduly prejudicial to Defendants because the State Court has previously sustained a demurrer to the State law claims in the original complaint." *Id.*

Regardless of defendants' argument that the request to amend is simply a delay tactic, the court notes that the proposed Second Amended Complaint was filed less than seven weeks after plaintiffs filed their first amended complaint in state court; within six weeks after this action was removed to federal court; about a month after defendants properly noticed their motion to dismiss; and three weeks before their opposition to the motion to dismiss was due. Although defendants place great emphasis on plaintiffs' earlier state court amendment, that amendment was made after the state court specifically authorized such amendment. Dckt. No. 1 at 2. Even though plaintiffs' proposed Second Amended Complaint seeks to avoid federal jurisdiction and to obtain remand, there is no indication that plaintiffs are seeking the amendment in bad faith. The Ninth Circuit has specifically stated that "[a] plaintiff is entitled to file both state and federal causes of action in state court" then "settle certain claims or dismiss them with leave of the court" upon removal. *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 490 (9th Cir. 1995). According to the *Baddie* court, "such practice is not manipulative and need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure." *Moyles*, 2005 WL 1561519, at *2 (citing *Baddie*, 64 F.3d at 490-91). There is nothing in the record to indicate that plaintiffs intentionally included the federal claims in their first amended complaint and then deleted them from the Second Amended Complaint in order to put defendants through that procedure. Further, because plaintiffs seek to delete claims for relief, rather than to add or clarify claims, the "futility of amendment" factor is inapplicable here.

Finally, defendants' argument regarding prejudice is unconvincing. Although defendants contend that allowing plaintiffs' proposed amendment would be prejudicial "because the State Court has previously sustained a demurrer to the State law claims in the original complaint," such an argument does not acknowledge that the state court expressly authorized plaintiffs to

amend their state law claims. *See* Dckt. No. 1-3 at 78-79. As noted above, plaintiffs filed their proposed Second Amended Complaint shortly after filing the first amended complaint, which was authorized by the state court. Had defendants not removed the action to federal court, they presumably would have filed a demurrer or motion to dismiss the first amended complaint in state court. Defendants will also presumably file a demurrer or motion to dismiss the Second Amended Complaint on similar grounds. Therefore, they have completed little or no work that would be disturbed by granting plaintiffs leave to file their Second Amended Complaint herein. The burden of showing prejudice is upon the party opposing the amendment and defendants have not carried this burden. Accordingly, the undersigned recommends that plaintiffs' motion to amend their complaint be granted. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

Defendants' Motion to Dismiss

As a result, the undersigned will also recommend that defendants' motion to dismiss be denied as moot. If the district judge adopts the recommendation that plaintiffs be allowed leave to file their Second Amended Complaint, that complaint will supersede the earlier complaint which defendants have moved to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Plaintiffs' Request for Remand

Plaintiffs contend that once their federal claims are dismissed, this court is without jurisdiction to hear the case, and request that the case be remanded to state court. Dckt. No. 7 at 4. Again, although plaintiffs did not file a formal motion to remand, their opposition makes clear that they seek remand. *Id.* Further, defendants opposed plaintiffs' request to remand in their reply in support of the motion to dismiss. Dckt. No. 9 at 3. Accordingly, the undersigned will recommend that plaintiffs' opposition be construed as a request to remand the case to state court.
////

Although plaintiffs argue that the dismissal of their federal claims in the Second Amended Complaint divests this court of subject matter jurisdiction, the propriety of removal jurisdiction is determined at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction even though the federal claim has been dropped from the case and only state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). Here, because the complaint in effect at the time of defendants' removal contained federal claims, removal was proper and this court has subject matter jurisdiction. Therefore, "plaintiffs cannot compel remand by amending their complaint to eliminate the federal claims which provided the basis for removal." *Moyles*, 2005 WL 1561519, at *3 (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)). That does not end the matter, however.

Once all federal claims are eliminated from an action, federal courts have the discretion to decline supplemental jurisdiction over the remaining state law claims and remand them back to the state court. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In order to make the remand determination, a court should consider factors such as judicial economy, convenience, fairness, comity, and forum manipulation. *Carnegie-Mellon Univ.*, 484 U.S. at 357. Based on these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205.

Applying the remand factors to the present case, the undersigned recommends remanding this case to state court. If plaintiffs are granted leave to file their Second Amended Complaint, they will have eliminated all federal claims for relief. Here, the state court has already considered some of plaintiffs' state law claims, and granted plaintiffs leave to amend those claims. Therefore, it would be most efficient for the state court to once again consider those amended claims. Additionally, "the state court is equally competent to hear the case and more familiar with the law of its own forum." *Moyles*, 2005 WL 1561519, at *3. Accordingly,

principles of judicial economy and comity weigh in favor of remand.

Further, "[b]oth the state and federal fora are located in Sacramento, approximately five blocks from one another, so both are equally convenient to the parties," and "there is no reason to doubt that a state forum will provide an equally fair adjudication of the matter as this court." *Id.* at *4. Finally, although plaintiffs added the federal claims when they amended their complaint in state court and are now seeking to dismiss those claims in order to avoid federal jurisdiction, there is no reason to believe that plaintiffs are engaging in manipulative pleading practices. As the Ninth circuit stated in *Baddie*, 64 F.3d at 491, "[p]laintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision. . . ." *See also Gilmore v. Bank of New York,* 2009 WL 2031736, at *3 (S.D. Cal. July 9, 2009).

Therefore, the undersigned recommends that plaintiffs' remaining state law claims be remanded to Sacramento County Superior Court. *See Moyles*, 2005 WL 1561519; *Mendoza v. Bank of America*, 2009 WL 1110816, at *2 (N.D. Cal. Apr. 24, 2009); *Sabbagh v. Ohana Group, LLC*, 2006 WL 2254481, at *2 (W.D. Wash. Aug. 7, 2006).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of December 23, 2009 on defendants' motion to dismiss, Dckt. No. 4, is vacated; and

2. The status (pretrial scheduling) conference currently set for hearing on February 3, 2010 is vacated.[4]

Further, it is hereby RECOMMENDED that:

1. Plaintiffs' opposition and proposed amended complaint, Dckt. Nos. 7-8, be construed together as a request for leave to amend plaintiffs' complaint;

---

[4] As a result, the parties are not required to submit status reports as provided in the October 6, 2009 order. *See* Dckt. No. 3 at 2. However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

8

2. Plaintiffs' request for leave to amend their complaint, as submitted on November 17, 2009, be granted;

3. Defendants' motion to dismiss, Dckt. No. 4, be denied as moot;

4. Plaintiffs' opposition, Dckt. No. 7, be construed as a request to remand the case to the superior court; and

5. This action be remanded to the Superior Court of the State of California in and for the County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

Dated:   December 18, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE